Violanda SPAHO, Petitioner,

v.

The UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 05–1041–AGNAC.

United States Court of Appeals, Second Circuit.

March 1, 2006.

Frederick P. Korkosz, Albany, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson and Margaret Kolbe, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Violanda Spaho petitions for review of the BIA's February 2005 decision where the Board of Immigration Appeals denied Spaho's motion to reopen its August 2004 order dismissing her appeal from the order of the immigration judge ("IJ") denying her applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

■ As an initial matter, to the extent that Spaho challenges the IJ's underlying order denying her applications for asylum, withholding of removal and CAT relief, and the BIA's August 2004 order affirming the IJ's decision, this Court lacks jurisdiction because Spaho failed to timely file a petition for review of the BIA's order. A petition for review of a final order of deportation must be filed within 30 days of the date of the order. *See* 8 U.S.C. § 1252(b)(1). Moreover, "[a]n appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[ ] 'two separate petitions filed to review two separate final orders.'" *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Here, Spaho has filed a timely petition for review of only the BIA's February 2005 order denying her motion to reopen. However, within her brief to this Court, Spaho argues only that she received ineffective assistance of counsel during her removal proceedings and fails to challenge the BIA's denial of her motion to reopen and/or reconsideration. Therefore, Spaho waives any such challenge. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

■ In any event, an alien seeking to reopen proceedings based on "exceptional circumstances," such as ineffective assistance of counsel, must satisfy three procedural requirements. *See Twum v. INS*,

411 F.3d 54, 59 (2d Cir.2005) (holding that the requirements set forth in *Matter of Lozada*, 19 I & N Dec. 637, 1988 WL 235454 (BIA 1988), are appropriate to screen ineffective assistance claims). Specifically, a respondent seeking relief from an order of deportation or exclusion on the basis of ineffective assistance of counsel must submit:

(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Id.* "[T]hese requirements serve to deter merit less claims and to provide a basis for determining whether counsel's assistance was in fact ineffective." *Id.*

In this case, Spaho did not fulfill these three requirements. Spaho's motion was not supported by affidavits, it did not explain the agreement between Spaho and her prior counsel, and it failed to state whether Spaho's previous counsel had been contacted or been given an opportunity to respond. As such the motion did not comply with the first two *Lozada* re-quirements. Furthermore, although Spaho included a letter to the disciplinary committee, the letter merely contained two-lines informing the committee of the existence of the motion to reopen; it failed to outline the claims against her attorney. Accordingly, the BIA did not abuse its discretion in denying the motion based on Spaho's claim of ineffective assistance of counsel.

Further, to the extent that Spaho sought reconsideration of the BIA's August 2004 order, the BIA properly denied the motion as untimely. *See* 8 C.F.R. § 1003.23(b)(1) (providing that a motion to reconsider must be filed with thirty days of a final order).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending. request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).